## CAROLINA METAL PRODUCTS COMPANY, Appellant,

### v.

### Ray GOODLETT, Appellee.

Court of Appeals of Kentucky.

May 3, 1968.

S. Tilford Payne, Jr., Payne & Davis, Louisville, for appellant.

Carl K. Helman, Louisville, for appellee.

TERILL A. WILSON, Special Commissioner.

This case is appealed from the Jefferson Circuit Court from a judgment awarding to appellee $1,083 for alleged overtime worked during "lunch hour" and for which he was not compensated under the Fair Labor Standards Act.

It is not denied that the labor was performed, nor that he was not paid. The only question before the court is whether the appellee is estopped by reason of his conduct to collect for the 150 hours of overtime at $2.61 per hour, plus penalty and attorney's fee, amounting to a total of $1,083.

Plaintiff worked through the noon hour three days a week (Wednesday, Thursday, and Friday) from April 4, 1964, until he was "fired" on March 19, 1965.

There were never over three employees in the store, and after April 4, 1964, there were never over two; and for the three days, Wednesday, Thursday, and Friday, the plaintiff was alone and was compelled to wait on customers or close the doors of the store. He stayed on the job through the noon hour and ate his lunch while either waiting on customers or waiting for them to come in.

Plaintiff kept his own time and never turned in the extra hours of overtime. His employer knew that he was working through the lunch hour and knew that he was not turning in his time for this extra work and complimented him for the good job he was doing. After knowledge of the plaintiff's working through the lunch hour, the defendant made no provision to relieve the plaintiff, and not until after he was discharged did he learn that he was supposed to be paid for this extra time.

The lower court submitted to the jury the question of whether or not the defendant "suffered or permitted" the plaintiff to work through the lunch period. Under proper instructions the jury returned a verdict in favor of the plaintiff in the amount of $1,083. It is from this verdict and resulting judgment that defendant appeals to this court.

The proper definition of "to suffer or permit to work" and its application to this case may well be the determining feature.

In Neal v. Braughton, D.C., 111 F.Supp. 775, the court held the term applicable if the employer permitted the employee to work with knowledge or consent even though he was not hired for that purpose.

In Schroepfer v. A. S. Abell Co., 4 Cir., 138 F.2d 111, cert. den. 321 U.S. 763, 64 S.Ct. 486, 88 L.Ed. 1060, it was held that if an employer suffers or permits an employee to work and accepts the benefits, even if there is no agreement to pay wages, the act requires payment of a regular rate and overtime rate if the time is over forty hours.

Also in Lindell v. General Electric Company, 129 Wage and Hour Cases, Page 64, the court held that where the lunch hour period was interrupted and the employee performed regular duties, he was entitled to recover even though the time card did not show overtime.

Obviously the plaintiff would be barred from recovery if he used deceit. We do not think, however, that any deceit was practiced in this case. The plaintiff worked but didn't know he was entitled to pay. The defendant knew he worked and now refuses to pay. The letter and spirit of the law compel us to hold that the defendant owes the plaintiff $1,083.

The judgment is affirmed.

All concur.